UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 07-CR-117(CKK) |
| CRAIG ANDERSON | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Craig Anderson, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Anderson respectfully asks the Court to sentence him to a period of probation.

**Factual Background**

On May 1, 2007, Mr. Anderson was charged, in a one-count information, with Conspiracy to Defraud the United States–Mail Fraud, in violation of 18 U.S.C. §§ 371 and 1341. Mr. Anderson pled guilty on May 22, 2007 in accordance with a written plea agreement. Pursuant to the provisions of the plea agreement, Mr. Anderson provided assistance to the government. As the Court is aware, Mr. Anderson's sentencing was postponed for approximately a year in light of the cooperation in which he was engaged.

Since the time of his first court appearance in May, 2007, Mr. Anderson has been in perfect compliance with his pretrial release conditions.

### Discussion: Under all of the Relevant Sentencing Factors, Mr. Anderson should Receive a Sentence of Probation.

When imposing a sentence, the Court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable provisions of the United States Sentencing Guidelines, the need to avoid unwarranted sentence disparities among defendants, and the kinds of sentences available. See 18 U.S.C. § 3553(a); United States v. Booker, 543 U.S. 220, 259 (2005). The Court must also consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide deterrence, protect the public, and provide needed medical care and treatment. Id.

> Congress has further provided that:
>
> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.*

See 18 U.S.C. § 3582 (emphasis added). With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a) (emphasis added).

The Court "may not presume that the Guidelines range is reasonable." Gall v. United States, __ U.S. __, 128 S.Ct. 586, 596-97 (2007). The Guidelines are but one of an array of factors the Court must consider. Kimbrough v. United States, __ U.S. __, 128 S.Ct. 558, 564 (2007). The Court has the discretion to evaluate the sentencing factors in 18 U.S.C. § 3553(a),

and determine that "a within Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." Id.

### A. Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for this Class D offense is five years. 18 U.S.C. §§ 371 and 1341 .

### B. Advisory Sentencing Guidelines

*(I). Applicable Guideline Range*

The Probation Office, consulting the 2007 edition of the Guidelines Manual, has concluded that the Total Offense Level in this case is 10 and that Mr. Anderson's criminal history category is II. The Probation Office calculates that Mr. Anderson's advisory Guideline range is 8-14 months.

Mr. Anderson submits that the appropriate criminal history category is I, rather than II, based on the fact that one criminal history point was awarded for a sentence of Probation before Judgment that should, by the time of sentencing, be expunged. The one point stems from a 2004 conviction for Theft Under $500 in Charles County, MD. As explained in the Presentence Investigation Report, "Probation without Judgment is a common resolution in many Maryland District and Circuit Court trials in which the defendant is found of pleads guilty.; however, the final entry of judgment is technically suspended, giving the defendant an opportunity to request expungement of his record upon successful completion of the terms of probation." (PSR at 7).

Mr. Anderson followed the procedures for requesting an expungement and paid the fee requested by Charles County District Court. In light of the fact that his conviction and sentence were eligible for expungement, Mr. Anderson submits that the Court should not penalize him for any delay brought about by Charles County.

Pursuant to U.S.S.G. § 4A1.2(j), sentences for expunged convictions "are not counted but may be considered under § 4A1.3 (Adequacy of Criminal History Category.)" Because the conviction in question is for petty theft, counsel submits that its absence from the final criminal history computation would not result in an under-representative score warranting adjustment.

If one criminal history point is removed, Mr. Anderson's criminal history category is I and, based on the Probation Office's calculation, the resulting Guideline range is 6-12 months, in Zone B, rather than 8-14 months, in Zone C.

Finally, the government has moved for a 2-level downward departure based on Mr. Anderson's considerable cooperation. For over a year, Mr. Anderson assisted the authorities whenever called upon. As indicated by the government, Mr. Anderson met with officers and investigators on multiple occasions and provided credible and helpful information. Mr. Anderson joins in the request for a downward departure and submits that the appropriate Guideline range should be 0-6 months.[1]

---

[1] This range is arrived at by applying a criminal history category of I and a total offense level of 8.

### C. Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature and Circumstances of the Offense*

The crime to which Mr. Anderson pled guilty is a serious offense. As evidenced by his willingness to cooperate and the remorse acknowledged by the government, he recognizes that his actions were inexcusable. While Mr. Anderson in no way wishes to diminish the seriousness of his crimes, he does ask the Court to consider the fact that he was not the mastermind of the scheme in question. To the contrary, Mr. Anderson trusted Mr. Wehausen, who he had known for many years, to a fault. Neither Mr. Wehausen nor anybody else forced Mr. Anderson to commit a crime. Nonetheless, Mr. Anderson was influenced significantly by his childhood friend.

Because Mr. Anderson was not personally making a profit higher than that outlined in his bids, he failed to realize initially the extent of his wrongdoing. He now fully realizes that receiving the contracts themselves was a serious benefit and that his agreement with Mr. Wehausen was fraudulent and criminal .

*II. Characteristics of the Defendant*

As set forth in the Presentence Investigation Report, Mr. Anderson grew up in a stable home and graduated both from high school and a vocational training program. Mr. Anderson has worked consistently throughout his adult life and, for the most part, has stayed out of serious trouble.

Mr. Anderson's conduct during the pendency of this case speaks volumes about his character and his likelihood to succeed as a probation candidate. Mr. Anderson was extremely shaken up by the instant case and has suffered anxiety during the last year. Though his fiancee, Ms. Welch, has been extremely supportive, Mr. Anderson decided to postpone their marriage until after the court case was behind him. To the extent possible, he wished to spare Ms. Welch from any problems or repercussions arising from his encounter with the criminal justice system.

During the last year, despite his anxiety, Mr. Anderson has been in perfect compliance with his release conditions. There have been no indications that he so much as missed a single telephone call. Mr. Anderson did travel outside the Washington, D.C. metro area on occasion but, each time he did so, he sought the court's permission. Mr. Anderson met with the government each time it was requested of him and followed their instructions regarding the parameters of his cooperation. He sought to do everything right this last year and counsel would

submit that he has. Unfortunately, he cannot take back his offense. Short of that, however, Mr. Anderson has done everything in his power to demonstrate remorse and accept responsibility.

*III. Needs of the Community and Public*

For the reasons stated in Section II, a sentence of incarceration would serve no purpose in Mr. Anderson's case other than punishment. Mr. Anderson poses no danger to the community and, indeed, in light of the restitution he owes, the community is best served by his continued ability to earn a living.

There is no doubt that this case has served as a wake up call for Mr. Anderson and that he has paid both a physical and emotional price for his actions. Based on the circumstances of this case, prison time is unnecessary to deter Mr. Anderson from further fraudulent activity. A probationary sentence is entirely consistent with general deterrence also. A sentence of probation would not mark a radical departure from the Guidelines and, in fact, is entirely consistent with the advisory Guidelines when Mr. Anderson's cooperation is taken into account.

Similarly, there is no rehabilitative purpose to be served by incarcerating Mr. Anderson. He has been employed in the insulation industry for over twenty years and now owns a business in the field. He does not need further education or training in order to become a productive member of the community.

A sentence of incarceration in Mr. Anderson's case would further only the punitive purpose of sentencing. While punishment is certainly an important factor in formulating an appropriate sentence, it can be achieved by means short of imprisonment. Mr. Anderson has already been on supervision for a year and, under a sentence of probation, would continue to live

with similar restrictions on his liberty for several more. The mental anguish and physical problems Mr. Anderson has experienced during the pendency of this case have already served as punishment of sorts; further punishment in the form of incarceration would be greater than necessary to achieve the purposes of sentencing.

### Conclusion

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Anderson asks the Court to sentence him to a period of probation. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ext. 126